People v Eury (2019 NY Slip Op 03436)





People v Eury


2019 NY Slip Op 03436


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


858/13 7776 7775

[*1]The People of the State of New York, Respondent,
v
James Eury, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Yan Slavinskiy of counsel), for respondent.



Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered January 11, 2016, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to a term of two years, unanimously affirmed.
The arresting officer's knowledge that defendant was on a list of persons barred from entering The Polo Grounds, a Housing Authority complex, was enough to create probable cause to arrest him for criminal trespass (in violation of a no trespass notice) in such a building (Penal Law 140.10[f]). The officer was part of a team of officers that had arrested defendant two months earlier in The Polo Grounds, after which defendant ultimately pleaded guilty to trespass. In this previous interaction with defendant, the officer learned that defendant was in the "trespass program."
We note, however, that trespass notices (such as the one in the instant case) often have exceptions that allow recipients to visit family members who live in Housing Authority complexes. In those situations, since the person is legally authorized to be on site despite the trespass notice, he/she should be allowed to visit, with police intrusion aimed primarily at ascertaining that the person is headed to the right apartment. To this end, we note that probable cause is not decided by the "officer's subjective evaluation" but by an "objective judicial determination of the facts in existence and known to the officer" at the time arrest (People v Robinson, 271 AD2d 17, 24 [1st Dept 2000] [internal quotation marks omitted], affd 97 NY2d 341 [2014]). Thus, there must be a basis for an inference by the arresting officer, at the time of arrest, that the suspect "knowingly enters or remains unlawfully [on the premises] . . . in violation of a personally communicated request to leave the premises from a housing police officer or other person in charge thereof" (Penal Law § 140.10[f]).
We also reject defendant's other suppression argument, relating to a visual body cavity search, on the merits. The hearing evidence established that this search was supported by "a specific, articulable factual basis supporting a reasonable suspicion to believe the arrestee secreted evidence inside a body cavity" (People v Hall, 10 NY3d 303, 311 [2008], cert denied [*2]555 US 938 [2008]). The totality of the evidence supported the officers' belief that defendant was hiding contraband in his buttocks, and we have considered and rejected defendant's arguments to the contrary.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK